Arthur G. Klein, J.
In a derivative action, plaintiffs, stockholders in Texas Gulf Sulphur Company, Inc., seek an accounting of profits made and other relief based upon an asserted breach of fiduciary duty, in that the defendants failed to disclose publicly from November, 1963 to April, 1964 that copper, silver and zinc mines had been found by employees of Texas Gulf Sulphur near Timmins, Ontario.
The defendants include Texas Gulf Sulphur, its officers, directors and employees who were engaged in the Timmins project and the moving defendants, two investment houses and an oil company, who, it is alleged, purchased large blocks of stock in Texas Gulf Sulphur with knowledge of the Timmins find and held it during the period of concealment from November 12, 1963 to April 16, 1964.
*629 One of the moving defendants, Pennzoil Company, is alleged and admits to having realized a profit of some four and a half million dollars on its sale of Texas Gulf Sulphur stock in June, 1964.
To better understand the nature of the complaint, the following table sets forth the amounts of stock purchased by each of the moving defendants, the dates of purchase, the approximate price paid, the date of sale, and approximate profit made, if sold:

The foregoing purchases, it is alleged, constitute these defendants “ major shareholders ” of Texas Gulf and, because of their knowledge of the find it casts them in a fiduciary relationship to the plaintiffs, so as to render them amenable to this action for an accounting.
As to the defendant Barber Oil Corporation, a fourth moving defendant, the plaintiff has consented to dismissal; and judgment of dismissal has been entered on November 5,1965.
Each of the remaining movants asks for judgment dismissing the complaint for failure to state a cause of action, or in the alternative for summary judgment. Defendant Sun Investing Company also moves on jurisdictional grounds in that it is a Texas corporation.
Each of the three respective motions is treated as a motion for summary judgment and each is granted.
A stockholder is not a trustee for other stockholders (Levy v. American Beverage Co., 265 App. Div. 208, 216 [1st Dept., 1942]). Nor does ownership of a majority of the stock, not alleged here, or even all of the stock, spell out a fiduciary relationship (Blaustein v. Pan Amer. Petroleum & Transp. Co., 263 App. Div. 97, 119 [1st Dept., 1941]); the denomination of the moving-defendants, by the plaintiffs, as “ major shareholders ”, is not controlling. And a stockholder may vote his stock and dispose of it as he sees fit in his own best interests (Borden v. Guthrie, 23 A D 2d 313, 319 [1st Dept., June, 1965]).
*630 The affidavits submitted by the moving defendants clearly demonstrate that their plans to invest in Texas Gulf Sulphur long antedated the Timmins discovery; that their shareholdings range from two fifths of 1% to 1%% of the total amount of the outstanding stock of Texas Gulf; and each of them categorically denies, on its part, any knowledge of the ore discovery prior to its public announcement. 1't likewise appears that all purchases and sales were made in the open market. The Pennzoil purchases were made, to the extent of 115,700 out of the 150,000 shares, prior to the discovery.
No papers are submitted in opposition to the motions except an affidavit in which plaintiffs’ attorney seeks leave to add scienter to his allegations in the complaint with respect to Lehman.
In the face of the sworn denials, the allegations of scienter set forth in the complaint as well as the proposed amendment made on information and belief only are insufficient to withstand a motion for summary judgment. Such serious charges as are here made should not rest on surmise and speculation.
CPLR 3016 (subd. [b]) provides as follows: “ Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail.”
The motions are accordingly granted.
Settle one order on all three motions, providing for appropriate amendment of the title so as to eliminate as parties all defendants against whom the complaint shall have been dismissed, on notice to their attorneys, as well as all others who have appeared in the action.